**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEVEN RAY SAWYER** | § | |
| | § | |
| **V.** | § | **A-16-CV-448-SS** |
| | § | |
| **CHIEF JUSTICE JOHN GLOVER** | § | |
| **ROBERTS, JR., et al.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Steven Ray Sawyer's ("Sawyer") Complaint, Dkt. No. 1,

Application to Proceed *In Forma Pauperis*, Dkt. No. 2, and Motion for Summary Judgment, Dkt.

No. 3.  The District Court referred the above motions to the undersigned Magistrate Judge for a

determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the

United States District Court for the Western District of Texas, Local Rules for the Assignment of

Duties to United States Magistrate Judges.

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Sawyer's Application to Proceed *In Forma Pauperis*, the Court finds that

he is indigent.  Accordingly, the Court **HEREBY GRANTS** Sawyer *in forma pauperis* status and

**ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor

pursuant to 28 U.S.C. § 1915(a)(1).  This indigent status is granted subject to a later determination

that the action should be dismissed if the allegation of poverty is untrue or the action is found

frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Sawyer is further advised that although he

has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of

court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Sawyer's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Sawyer has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Sawyer has filed this lawsuit against the Chief Justice of the Untied States Supreme Court, John Glover Roberts, Jr., United States Congressmen Lamar Smith and Michael McCaul, United States Senators John Cornyn and Ted Cruz, Travis County District Attorney Rosemary Lehmberg, and Travis County Clerk Dana DeBeauvoir. His complaint stems from his firing from his job with the City of Austin in 1989. Sawyer states that he was terminated for "refusing to lie cheat deceive and steal in order to not be fired." [*sic*]  That termination appears to have led to a downward spiral for Sawyer. He states that in 1990 he filed a federal lawsuit, presumably related to his termination. In 1990-1991 he ran for office against Congressman Jake Pickle, which based on his complaint appears to have ended in some controversy, as he claims that Defendant Dana DeBeauvoir "cannot provide WHERE, which precincts, the votes for the PLAINTIFF were cast; district attorney Earle . . . states he will not get involved." [*sic*]. He next accuses his "Senior pastor, Gilbert" of refusing "to act like a Christian in order to be a Christian in order to affect and to aid in reconciliation between two of his fellow congregants Pickle and Sawyer" in 1992. [*sic*] In 1995 his mother died

of cancer.  That same year, Sawyer says, he was put in jail where "in the custody of Travis county Texas [he was] beaten drugged 'healed' and released 'effectively dead,' for Travis county Texas court purposes, 2010, 03 January 2011." [*sic*].

Sawyer continues, relating that starting in 2008 "new improved officials [took] no discernible stand," that in 2012 "the 2008 error" was "compounded" and "deliberately repeated," and is

> still on-going to this 2016 day in Travis county Texas that did, and did have, and that are still causing Plaintiff Sawyer harm.  The dynamics are in NO small part, caused by the failure of the Travis county Texas district attorney office, as led by both Ronnie Earle . . . the former alleged Public Integrity office, the current sitting, legally elected . . . Travis county Texas district attorney, Rosemary Lehmberg . . . <u>and</u> the "at the time", and now, 2016, elected (and appointed/vetted?) Official's . . . responsibility of <u>the legal non-harm to innocent people in the opposing political camps'</u> functioning of the oversight . . . of government, and government operations' function, based on the/a/sliding scale of justice, "Travis county Texas *community standard*," that is challenged in this lawsuit.

[*sic*] Sawyer then accuses the Defendants of "actions and the inaction" that "have caused and led to a subversion and misrepresentation of Plaintiff Sawyer's identity and good character in the Travis county Texas community and continue to cause harm and discomfort to Sawyer," that such "INACTION, silence and lack of direct response constitutes honest Services Fraud . . . [and] theft of services . . . [and] violates the oath, to the United States of America, of office." [*sic*]

As stated above, section 1915(e)(2)(B) provides that a district court shall dismiss an *in forma pauperis* complaint, at any time, if the district court determines that the action is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see Flores v. United States Attorney General*, 434 Fed. App'x. 387, 388, 2011 WL 3209869 at * 1 (5th Cir. July

27, 2011) (finding that pro se plaintiff's fanciful and delusional claims should be dismissed as frivolous where plaintiff alleged that certain members of the federal government were "using advanced technology with direct signal to the satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner. . . .").  While Sawyer's accusations do not feature mind control or little green men, they certainly "rise to the level of the irrational or the wholly incredible."  Sawyer's complaint is largely incoherent, repetitive, and paranoid.  For example, he spends several pages discussing the Defendants' knowledge—or lack thereof—that "'barry soetoro' was born in Kenya, and thus NOT qualified by the law, the Constitution of the United States of America, to appoint Justices Kagan and Sotomayor" [*sic*]–a reference to the "Birther" conspiracy theory regarding President Obama's origins.  His other filings are also delusional.  Sawyer has filed a document titled "Discovery" in which he asks the Defendants over two dozen questions about their religion,[1] their civic allegiances,[2] and characters in the "Birther" conspiracy theory.[3]  Sawyer himself seems to be at least partially aware that he is suffering from delusions, and writes that he is "now functioning at a fourth grade mental capacity level."  Sawyer's complaint is clearly frivolous and should be dismissed.

---

[1] "Are you a closet-Muslim?"

[2] "Did you take an oath of office, or an oath of service, to the General Assembly of the United Nations, and to General Assembly Religion, GAR, or GAR-type religion?"

[3] "What aspect of the oath of office precludes you and your colleagues from determining if state of Arizona US citizen, Mike Zullo, is a perjurer, or is not perjuruer, and a national or homeland, or state of Arizona security risk, in addition to determining if 'barry and mike and Mike Zullo' is a function of truth seeking, or the 180° opposite of truth seeking of the US press and media in time of conflict or con to what non-truthful intent?"

5

Finally, the undersigned notes that this is not the first frivolous lawsuit that Sawyer has filed. *See Sawyer v. Wright*, 471 F. App'x 260 (5th Cir. 2012). A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Thus, if Sawyer continues to file meritless, vague, and impossible claims, the Court may sanction him in the future. Such sanctions may include a broad injunction, barring him from filing any future actions in the Western District of Texas without leave of court, as well as monetary sanctions, including denial or removal of his *in forma pauperis* status thereby requiring him to pay a filing fee before filing any new cases in the Western District of Texas. Additionally, Sawyer could be prohibited from filing any new lawsuits until any sanction levied against him is paid in full.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Sawyer *in forma pauperis* status. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** this cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS** his Motion for Summary Judgment, Dkt. No. 3 as moot.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of April, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE